# SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

SUNTROPIC ENTERPRISE, LLC including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, YUVAL ARAMA, including his heirs, representatives, attorneys, successors, and assigns, and KOBI THALLER, including his heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants") and MARCOS DOMINGUEZ-CASTANEIRA, including his heirs, representatives, attorneys, successors, and assigns (hereafter collectively referred to as "Plaintiffs"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiffs' employment with, or the separation of their employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiffs resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiffs are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit of *Dominguez-Castaneira v. Suntropic Enterprise, LLC et al* Case No. 15-cv-61333, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiffs as set forth herein, the Parties agree to settle this matter for a total of $8,900.00, which shall be made payable to "Koz Law, P.A. Trust Account" and delivered to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, FL 33316 according to the following payment schedule:

| Payment | Delivery Due Date | Amount |
|---|---|---|
| 1 | Within two weeks of Plaintiff's execution of the agreement. | $ 2,000.00 |
| 2 | October 1, 2015 | $ 1,000.00 |
| 3 | November 1, 2015 | $ 1,000.00 |
| 4 | December 1, 2015 | $ 1,000.00 |
| 5 | January 1, 2016 | $ 1,000.00 |
| 6 | February 1, 2016 | $ 1,000.00 |
| 7 | March 1, 2016 | $ 1,000.00 |
| 8 | April 1, 2016 | $ 900.00 |

Out of the settlement proceeds, Plaintiff MARCOS DOMINGUEZ-CASTANEIRA is receiving $4,350.00 and Plaintiff's counsel is receiving $4,550.00 as fees and costs.

3. **Default Provision:** In the event that any payment is not timely delivered to Koz Law, P.A., Plaintiff shall send notice via e-mail to kackerman@hagenlawfirm.com and khagen@hagenlawfirm.com. If e-mail is returned unsent, other notice, including by fax or letter, shall be sufficient notice to trigger this default provision. Upon Defendants' receipt of notice of default, Defendants shall have seven calendar days to cure default by delivering proper payment to Koz Law, P.A. If Defendants fail to make payment, Plaintiff shall be entitled to a Final Judgment against all Defendants, jointly and severally, in the amount of $15,000 plus attorneys' fees and costs incurred in obtaining the judgment, plus attorneys' fees and costs incurred in post-judgement collections.

4. **Mutual Covenant of Confidentiality.** The parties agree that the fact of and terms of this Agreement are strictly confidential and, with the exception of either Plaintiffs' spouses, counsel, accountants, Defendants' spouses, counsel, accountants, pursuant to a subpoena, to enforce this agreement, or to submit to the Court for review and approval of the Parties settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of both Plaintiffs' counsel and Defendants' counsel.

5. **Indemnification.** Plaintiffs acknowledge and agree that it shall be solely and exclusively Plaintiffs' obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiffs shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the

monies received by Plaintiffs hereunder, including, without limitation, Plaintiffs, the IRS, or any other person.

6. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiffs or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

7. **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiffs, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

8. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

9. **Dismissal of Lawsuit**. Within five business (5) days of signing this Agreement by Defendants and delivery to Plaintiffs' counsel of a fully executed copy of this agreement, Plaintiffs' Counsel agrees to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiffs in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

10. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

11. **Entire Agreement**. This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

12. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

13. **Voluntariness**. Plaintiffs certify that Plaintiffs have fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiffs have been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiffs are signing freely and voluntarily, and without duress, coercion, or undue influence.

14. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

MARCOS DOMINGUEZ-CASTANEIRA

By: _____
MARCOS DOMINGUEZ-CASTANEIRA

Date: 09/16/2015

SUNTROPIC ENTERPRISE, LLC

By: _____

Print Name: Kobi thaller

Title: P

Date: 09/10/15

YUVAL ARAMA

By: _____
YUVAL ARAMA

Date: 9-1-15

KOBI THALLER

By: _____
KOBI THALLER

Date: 9-1-15